**Michael Howard REED, Plaintiff—Appellant,**

v.

**HELENA ABSTRACT AND TITLE COMPANY; et al., Defendants—Appellees.**

No. 05–35407.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Michael Howard Reed, East Helena, MT, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

R.J. Sewell, Esq., Smith Law Firm, Helena, MT, R.J. Sewell, Esq., Benjamin P. Hursh, Esq., Cederberg Law Office PC, Missoula, MT, for Defendants–Appellees.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Michael Howard Reed appeals pro se from the district court's order rescinding the registration of a purported judgment of the Pembina Nation Little Shell Band Federal Tribal Circuit Court ("Pembina court"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to recognize a foreign judgment, and we review de novo any underlying questions of law. *Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1140 (9th Cir.2001). We affirm.

A federal court's recognition of tribal court judgments is a matter of comity; such judgments are not entitled to full faith and credit. *See Wilson v. Marchington,* 127 F.3d 805, 807–09 (9th Cir.1997). Even if the Pembina court had jurisdiction to issue a judgment in favor of Reed, the district court properly rescinded the registration of that judgment because it conflicted with the Montana state court judgment, which was entitled to full faith and credit. *See* 28 U.S.C. § 1738; *Wilson,* 127 F.3d at 810 (holding that a federal court may decline to recognize a tribal judgment if it "conflicts with another final judgment that is entitled to recognition").

** This disposition is not appropriate for publication and may not be cited to or by the

Reed's remaining contentions lack merit.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.